# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA
### Case No.:

DAVID JAFFEE, an individual,
(d/b/a BestStockStrategy)

       Plaintiff,

v.

OPTION ALPHA, LLC, a Florida
Limited Liability Company, KIRK
DU PLESSIS, an individual,
and DOES 1-10

       Defendants.

_____/

## COMPLAINT

Plaintiff, Mr. David Jaffee ("Mr. Jaffee" or "Plaintiff") files this complaint for damages, injunctive relief and declaratory relief against Defendants Option Alpha, LLC and Mr. Kirk Du Plessis ("Mr. Du Plessis"), (collectively "Defendants") and against Does one through ten.

## THE PARTIES

1.    Plaintiff is an individual residing in Parkland, Florida, which is located in Broward County, Florida.  Plaintiff operates a YouTube Channel under the name "BestStockStrategy."

2.    Defendant Option Alpha, LLC is a limited liability company whose principal place of business according to the Florida Department of State is located at 78 South West 7th Street, 5th Floor, Miami, Florida 33130.  On information and belief, Defendant Option Alpha, LLC is wholly owned by Alpha5, Inc., a Florida corporation.

1

3.      Mr. Du Plessis is the CEO of Defendant Option Alpha, LLC.  Defendant Mr. Du Plessis's contact information with the Florida Department of State is 78 South West 7th Street, 5th Floor, Miami, Florida 33130.  Defendant Mr. Du Plessis's personal residence is believed to be in Indiana, Pennsylvania.  Defendant Mr. Du Plessis is named in his official capacity as CEO of Defendant Option Alpha, and in his individual capacity.

4.      Both Defendants transact a majority of their business from and into the State of Florida.

5.      The true identity of Does one through ten are unknown to Plaintiff at this time. Plaintiff believes and thereon alleges that each fictitiously named defendant is responsible in some manner for the occurrences herein alleged, and that Plaintiff's injuries and damages herein alleged are directly, proximately, and/or legally caused by defendants and all of their acts.

6.      As such, it is believed that Does one through ten were conducting a substantial amount of the acts alleged against them in the State of Florida, and on behalf of Defendants Option Alpha, LLC and Defendant Kirk Du Plessis.  Therefore, it is believed jurisdiction in this action and in this venue is appropriate for Does one through ten, and Plaintiff will amend his complaint when the true identities of Does one through ten are known.

**JURISDICTION**

7.      This Court has subject matter jurisdiction under 28 U.S.C. Sec. 1331 for claims arising under Sec. 43(a) of the Lanham Act, 15 U.S.C. Sec. 1125, and under 28 U.S.C. Sec. 2201 for claims arising under the Declaratory Judgment Act.

**VENUE**

8.      Venue in this Court is proper as to Defendant Option Alpha, LLC under 28 U.S.C. Sec. 1391, this is Defendant's principal place of business and is located in this judicial district,

this Defendant conducts the majority of its business in this district, and is therefore subject to personal jurisdiction in this district.

9.      Defendant Mr. Du Plessis is registered as the CEO of Option Alpha with the Florida Department of State, with an address listed in this judicial district, as stated above, and transacts business on behalf of Defendant Option Alpha, LLC in this judicial district.  As such, this Court may exercise personal jurisdiction over Defendant Mr. Du Plessis.

## GENERAL ALLEGATIONS

### A.  <u>Background on Plaintiff</u>

10.      Plaintiff Mr. Jaffee is an options trader and educator, who also operates a YouTube Channel under the name "BestStockStrategy."

11.      Prior to becoming an options trader, Mr. Jaffee worked as an investment banker at CIBC World Markets, Petsky Prunier and has also worked at Morgan Stanley (in a non-investment banking position). In addition, Mr. Jaffee graduated from an Ivy League school with a 3.8 G.P.A.

12.      On his YouTube Channel, Mr. Jaffee provides his input on different options trading strategies.  Mr. Jaffee started actively posting on his YouTube Channel in 2017.

13.      Plaintiff also provides education to subscribers for a fee.  He sells a monthly subscription service where individuals can follow his live options trades and he also sells a course, for a one-time fee, where he discusses his options trading strategy in more detail, while also making himself available to answer questions to those who purchase his one-time fee course.

14.      In addition, Mr. Jaffee has, in the past, critiqued others in the stock market/options trading industry who he believes may be taking advantage of innocent people

who want to learn about the stock market or trading.  In general, this critique is focused upon individuals and/or companies who charge excessive fees for a poor product, or who Plaintiff believed may have engaged in false or deceptive business practices.

15.     For example, Plaintiff did a series of videos exposing a stock and options trading education entity known as "Raging Bull," for their business practices and insinuated that they were using fraudulent marketing and other deceptive business practices.  Around two years after Mr. Jaffee's warning in his videos regarding Raging Bull's fraudulent practices, Raging Bull was sued for those same fraudulent trade practices by the Federal Trade Commission ("FTC"). The FTC lawsuit tends to justify and confirm Plaintiff's investigations and statements about Raging Bull were at least substantially true by way of this FTC lawsuit.  The FTC has alleged Raging Bull defrauded consumers in a total amount of $137,000,000.00.

**B.  <u>Background on Defendants</u>**

16.     Option Alpha is a limited liability company that was registered in this state in approximately 2016, and is believed to be wholly owned by Alpha5, Inc., a Florida corporation, as of approximately 2018.

17.     Defendant Mr. Du Plessis is the CEO of Defendant Option Alpha, LLC. Defendant Mr. Du Plessis used to claim that he worked in the mergers and acquisitions department of Deutsche Bank.

18.     Prior to November 2020, Defendant Option Alpha provided options trading education to its students for a monthly fee of approximately $99.00 per month where students would receive Defendants' alleged trades on the live market along with nightly review videos, or, $299.00 per month for all these alleged live trades, nightly review videos along with small

"group coaching" and weekly strategy calls with Defendant Mr. Du Plessis.  Defendants also offered free lecture material to the general public on their website as well.

19.     Therefore, from approximately 2017 until November of 2020, Plaintiff Mr. Jaffee and Defendants were competitors in the field of providing subscriptions for a fee to persons who wanted to learn and be educated about trading options.

20.     In approximately November 2020, Defendants switched their model of business from paid subscriptions to Defendants' new automated bot trading platform for options trading. Defendants now enroll subscribers for access to its bot trading platform.

21.     Although Mr. Jaffee and Defendants are still in the same market niche (services for options trading), Defendant Option Alpha's conduct, as alleged below, constitutes a concerted effort to take market share from Mr. Jaffee during the relevant time period, and other authorized, primary market actors by deceiving consumers about the true nature of its business in violation of the Lanham Act.

### C. **Does One Through Ten**

22.     Plaintiff is uninformed as to the true names and capacities of Defendants sued herein as DOES 1 through 10.  Plaintiff, therefore, sues these defendants by such fictitious names and will amend this Complaint to allege the true names and capacities when they are ascertained.

23.     Plaintiff believes and thereon alleges that each fictitiously named defendant is responsible in some manner for the occurrences herein alleged, and that Plaintiff's injuries and damages herein alleged are directly, proximately, and/or legally caused by defendants and all of their acts.

24.     Plaintiff believes and thereon alleges that each of these defendants named herein as DOES are the agents, representatives, employers, or employees of the named defendants and

when performing the acts alleged herein, were acting within the scope of their agency, employment, or representative capacity and are therefore responsible for the acts complained of herein.

## COUNT I

### FALSE ADVERTISING UNDER 15 U.S.C. 1125(a)

25.     Plaintiff incorporates paragraphs 1 through 24 as though fully set forth herein.

26.     Defendant Option Alpha and its CEO Defendant Mr. Du Plessis have engaged in direct, false and misleading advertising on their website, located at www.optionalpha.com.

27.     More so, according to the website, the "Wayback Machine," located at archive.org, Defendants posted a page that was viewable on March 12, 2019, titled "Real Time Performance."  In that webpage, Defendants claimed in 2019 that they had executed 4,621 real trades for "all time."  (last accessed May 4, 2021)  The portion in question was on Defendants' website as follows:



28.     The terms "All Time Trades" are believed to mean total trades that Defendants have executed as Defendant Option Alpha. An alternate meaning may also include trades by Mr. Du Plessis, however, their lack of transparency makes any meaningful understanding of "total trades" impossible to discern who or how many people executed these "all time" trades.

29.     However, by May of 2020, Defendants changed their "Real Time Performance" to state that they had only ever executed 2,707 trades for "all time."  Their website in May of 2020 was as follows:



30.     In other words, Defendants mysteriously lost approximately 2,000 "all time" trades in order to make their total success rate look better.  Where did these missing trades go? Plaintiff alleges that the trades were intentionally removed so that Defendants could falsely advertise successes that were not based in fact or reality, and intentionally deceive the general public.  Specifically, if these 2,000 "lost all time trades" had in fact been "winners" Defendants would have maintained them within their reported numbers of trades. The removal of these 2,000 trades also allowed Defendants to maintain a 75% win rate over time.

31.     Any reasonable consumer would review Defendants' 2020 page on "Real Time Performance" and not understand that it had been manipulated to exclude losing trades thereby increasing Defendant's success rate. It is also of note that this intentional removal of the losing trades was during the timeframe the Federal Trade Commission stepped up its investigations into

"get rich quick scams" on the internet, otherwise deemed "Operation Income Illusion," by the FTC.  Operation Income Illusion targeted businesses operating in the stock and options trading education industry and was responsible for the lawsuit against Raging Bull, mentioned *supra*.

32.     Any reasonable consumer would review Defendants' 2020 page on "Real Time Performance" and conclude that Defendants were accurately reporting their all-time total trades, when in fact, their own website from a year prior indicates they were deliberately and falsely misleading the general public and consumers.

33.     Defendants market and advertise themselves as honest and trustworthy, and have posted statements online such as "There is nobody else out there that has better intentions that [sic] us—nobody," which Defendants posted approximately a year ago.  As such, Defendants have deliberately, and falsely misled the consuming public with deceptive actions.

34.     Plaintiff shows his actual, real trades to his subscribers or clients in his paid trade alerts.  Plaintiff does not engage in fake trading or paper trading that can be easily manipulated. Defendants' false and misleading representations to the public and consumers about Defendants Option Alpha and Kirk Du Plessis's success lures clients away from Plaintiff and others who do not deceive consumers by deleting trades and manipulating trade data.  Defendants intentionally use false and misleading facts to inflate unreal successes in order to gain paying customers.

35.     As a result, Plaintiff has suffered and will continue to suffer damages in terms of lost clients and subscription fees due to Defendants' misrepresentations to the general public and their joint client base from the time these false representations were made and as long as they continue.

## COUNT II

## FALSE ADVERTISING UNDER 15 U.S.C. 1125(a)

36.     Plaintiff incorporates paragraphs 1 through 24 as though fully set forth herein.

37.     Plaintiff published three videos regarding Defendants and their products and services starting in the fall of 2018.  Plaintiff's videos highlighted some of Defendants' business practices as running afoul of norms in the industry, such as using false or fake testimonials and refusing to refund Defendants' customers upon request after Defendants promised a refund, in at least one instance.

38.     In response, Defendant Option Alpha began an advertising campaign on the website www.reddit.com in response to Plaintiff's videos. This Reddit campaign specifically targeted Plaintiff.

39.     Reddit is an interactive website where users can leave comments, suggestions or feedback to a post that another user submits.

40.     Since approximately 2010, Defendant Option Alpha, presumably by or at the direction of Defendant Kirk Du Plessis, has made several dozen comments promoting themselves, their services and their products to the general public under the username "optionalpha," on the website Reddit.com.

41.     Approximately one year ago, an unknown user posted the question, "Is Option Alpha a Scam?"  In response to this inquiry, Defendants posted a series of false, factual allegations about Plaintiff while promoting their own services.

42.     For example, Defendants stated that Plaintiff is only out to "make a quick buck," that Plaintiff, "[d]ismisses anyone who challenges him [Plaintiff] in comments and videos," and

that "He [Plaintiff] seems to have a weird obsession with me [Defendant Mr. Du Plessis] in order to promote his own service." (Exhibit A, last accessed May 25, 2021).

43.     All of these statements are false allegations of fact that misrepresent Plaintiff.

44.     In the same post, Defendants advertise their services, tout their honesty and trustworthiness as a company and advertise that people should, "[f]eel free to pass your own judgment on this [Plaintiff] and let me know if you have any questions."

45.     Defendants made an almost identical advertisement of their services and false allegations of fact regarding Plaintiff and his services at or around the same time as the statements outlined *supra* paragraphs 42 to 44.

46.     These statements constitute commercial activity, direct advertising to the general public, and promotion of Defendants to a worldwide audience on the internet, while misrepresenting the nature of Plaintiff and his goods, services and commercial activity.

47.     Defendants further solicited, encouraged, and directed their employees, on information and belief, to directly disparage Plaintiff and his services, while promoting Defendants in other online advertisements on Reddit.com.  Defendants did so, on information and belief, without informing the public that the person making these posts was Defendants' paid employee at all times relevant to the facts alleged in this Complaint.

48.     For example, a user with the username "alg0_rhythm" made a post on behalf of Defendants that stated in part that Plaintiff had been arrested for serving alcohol to minors, and was crying during this so-called arrest.

49.     Plaintiff has never been arrested for serving alcohol to minors and never cried during the non-existent arrest or to the police, and as such, these are false statements of fact used by Defendants and their agents to disparage and falsely represent Plaintiff and his services.

50.     The anonymous user "alg0_rhythm" went on to post the following statement in promotion of Defendants, while misrepresenting Plaintiff, "Knowing what you know now after reading those articles, do YOU think he's legit?  Not to mention he goes around bashing the only two legitimate option services on the internet (Option Alpha & Tastytrade).  I would keep your money far, far away from David Jaffee." (*See* Exs. B-C, last accessed May 25, 2021).

51.     In another post, "alg0_rhythm" posted that Defendant Kirk Du Plessis is "[o]ne of the only honest options teachers out there," and then went on to repeat the same false representations of fact regarding Plaintiff and his business and services.

52.     Upon information and belief, the user "alg0_rhythm" is and was at all times relevant to this Complaint, an employee of Defendant Option Alpha, and under the supervision of Defendant Mr. Du Plessis.

53.     Again, no disclosure was made to the public that the user "alg0_rhythm" was stating these misleading advertisements and promotions for Defendants to steer customers away from Plaintiff and to Defendants.

54.     While "alg0_rhythm" posted as a Reddit user and commented on other posts, given the content of the comments and their employment relationship with Defendants the posts are in fact advertisements on behalf of Option Alpha.

55.     At all times relevant to this count, Plaintiff and Defendants were offering subscriptions for sale to persons who wanted to learn more about trading options, and therefore both Plaintiff and Defendants were drawing from the same "pool" of consumers.

56.     Plaintiff proactively reached out to Defendants and requested removal of these statements, however, Defendants refused to remove them, and most, if not all statements, are still present on the internet today.  Defendants further alleged, on information and belief, that

Plaintiff's request to have the advertisements removed was tantamount to extortion, an allegation that Plaintiff denies.

57.     Regardless, the user "alg0_rhythm" made similar statements as recently as eight months ago, which was after Plaintiff informed Defendant Mr. Du Plessis that one of his employees was smearing him, not disclosing his relationship to Defendants, and advertising for Defendants at the same time. (See Exhibit D, last visited May 25, 2021).

58.     As a result of these statements in this count, Plaintiff lost approximately 50% in revenue from lost subscriptions, and the sale of courses, for a period of at least six months, and suffered injury to his personal and professional reputation. Plaintiff attributes the statements outlined above to his loss in clients and subscriptions and reputation.

## COUNT III

### FALSE ADVERTISING UNDER 15 U.S.C. 1125(a)

59.     Plaintiff incorporates paragraphs 1 through 24 as though fully set forth herein.

60.     Florida's state legislature enacted statutes to restrict the use of the words "university," and "college" in part to prohibit "misleading literature, advertising, solicitation, or representations," within this state.  *See* Fla. Stat. Sec. 1005.01(3).

61.     Under the statute, "The use of the designation 'college' or 'university' in combination with any series of letters, numbers, or words is restricted in this state to colleges or universities as defined in s. 1005.02 . . .."  *See id*. at Sec. 1005.03.  An entity may not use the words "university" or "college" without prior approval in this state. *Id.*

62.     For the past several months, Defendants have been marketing themselves as "Option Alpha University."  See www.optionalpha.com/university (last accessed May 24, 2021).

63.     Defendants continue to misleadingly market "Option Alpha University" as a place where one can take courses with Defendant Mr. Du Plessis as the instructor and advance through a curriculum starting as a beginner and ending as an advanced student of options trading.  It does not appear that any certificate or diploma is offered for these courses, nor is there any grading formula to ascertain a passing score or the abilities of the students after completing the courses. It merely appears to be a marketing ploy to convert "students" to paying customers.

64.     Defendants further mislead consumers with Option Alpha University as they state there are "office hours" with the instructor(s) available to "Elite" students who presumably pay more money for that access. "Office hours" is a clear reference to institutions of higher learning which people associate with the term university or college.

65.     Defendants are in violation of Fla. Stat. Sec. 1005.01 *et seq*. because they do not operate a college or university as defined by statute and their name, "Option Alpha University" misrepresents to the general public their course offerings, is misleading to consumers and wrongfully solicits business from the general public in violation of the Florida Statutes.

66.     By marketing themselves as a University, and offering free Education, Defendants have directly harmed Mr. Jaffee, who sells information on option trading, without making false claims of "university" credentials.

67.      At the time Defendants began marketing themselves as Option Alpha University, Plaintiff and Defendants were not direct competitors, as Plaintiff offers educational services for a paid subscription, and Defendants, on information and belief, no longer offer educational services, coaching or monitoring, for a paid subscription--although it's believed that Defendants include education as a benefit of their paid, bot-trading subscription service. However, both Plaintiff and Defendant are still in the same "zone of interest" as discussed in

14

*Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118 (2014), because both provide educational services in the market of options trading services.  In addition, both Plaintiff and Defendant market online and are located in the same state.

68.     Plaintiff does not refer to himself as an instructor at a "university."  Defendants' deceptive and misleading promotion of themselves as a "university" connotes false integrity to their product and diverts competition away from Plaintiff and others who are not in violation of the law and towards Defendants.

69.     As such, Plaintiff is harmed by Defendants' misleading and false advertisement of themselves as a university.

## COUNT IV

## FALSE ADVERTISING UNDER 15 U.S.C. 1125(a)

70.     Plaintiff incorporates paragraphs 1 through 24 as though fully set forth herein.

71.     Defendants have engaged in the practice of false advertising by claiming testimonials are of real clients with authentic images of those clients when the facts indicate otherwise.

72.     The Federal Trade Commission ("FTC") has issued guidelines to the use or misuse of testimonials or endorsements in advertising. 16 C.F.R. Part 255. Defendants have attempted to portray the testimonials associated with the fake images as "real" testimonials using stock images. Pursuant to the FTC's guidance and enforcement of the FTC Act, a testimonial containing a fake image, which is not disclosed to the user, is in fact a false testimonial. *See generally* Kronenberger Rosenfeld, LLP "The Essential Guide to FTC Compliance, Investigations, and Enforcement;" https://krinternetlaw.com/the-essential-guide-to-ftc-compliance-investigations-and-enforcement/compliance (last visited May 25, 2021). It is also

well known within marketing psychology that a testimonial with an image is more effective in gaining new customers than one without.  *See* Content Marketing Institute:  Patel, Sujan, "Customer Testimonials: 9 Strategies for Your Content," (June 14, 2017) https://contentmarketinginstitute.com/2017/06/strategies-customer-testimonials-content/ (last visited May 25, 2021).

73.     The FTC states in its guidelines that testimonials must reflect honest opinions, findings, beliefs, or experience of the endorser, and must disclose when there exists a connection between the endorser and the seller of a product.  *See id.* at Part 255.5.  Advertisers may be subject to civil and regulatory liability for false or unsubstantiated statements made through endorsements, or for failing to disclose material connections between themselves and their endorsers.

74.     As outlined *supra* count II, Defendants advertised their services on Reddit.com by both misrepresenting Plaintiff and promoting their own services at the same time.  Some of these commercial advertisements were believed to be made by Defendants' employee(s), without disclosure of the material relationship between the commenter and Defendants—namely that the comments originated from a paid employee believed to be acting as Defendants' agent when he made said statements.

75.     As such, said statements by the user "alg0_rhythm" constitute a false and misleading testimonial and advertisement under the Lanham Act.

76.     In addition, Defendants' terms of service previously stated in or about January of 2017: "The testimonials, examples, and photos used are of *actual clients* and results they personally achieved, or they are comments from individuals who can speak to my character and/or the quality of my work" (emphasis added).

77.     During the time Defendants made this representation about their testimonials, several testimonials were found to include photographs of individuals who were found elsewhere on the internet with a different name. Defendants, trying to spin the use of false and misleading images, referred to those fake images as "stock" photos. None of Defendant's fake photos of alleged customers used with testimonials carried a photo credit.

78.     For example, Defendants stated their client was a "Toni Bali" from Boston, however, the image for Toni Bali also appears on other testimonials, on other sites not connected with Defendants, as a man living in Thailand with the first name of "Warren."

79.     In another example, Defendants claimed a man by the name of James Pepple from Baltimore was a real client who provided a real testimonial.  However, the image Defendants used on their testimonial page for Dr. Pepple is actually a photograph from a biography page of a licensed physician in Seattle, Washington by the name of Dr. Russel Van Gelder.  The testimonial on Defendants' website was as follows:



"It's very infrequent that I actually get a membership with those claiming to be "investment experts" online, as Sturgeon's law tends to be widely applicable. However, after some time going through your site, it quickly became apparent that **Option Alpha was one of those ever elusive diamonds in the rough and most impressive.**"

- *Dr. James Pepple (Baltimore)*

80.     However, the real Dr. Pepple's image is of the following doctor located across the country, by a different name:



81.     Plaintiff is aware of at least two other instances where Defendants' testimonials and images do not match with profiles for images of persons with different names pulled from other webpages, and therefore, cannot be images of "actual clients" as guaranteed by Defendants' terms of service.

82.     Plaintiff alleges that Defendants had or have a pattern of publishing testimonials that are false or fake.

83.     Soon after it was made public that Defendants employ questionable use of testimonials, Defendants quickly changed their terms of service to state that they may or may not use real images of real clients, in approximately May of 2019.

84.     On information and belief, Plaintiff alleges that Defendants have used fake and false testimonials both in their use of images, and with use of statements that cannot be attributed to a current or former paying client of Defendants.

85.     Defendants have stated publicly on Reddit.com that all of their reviews and photos can be traced back to actual clients with documentary evidence, yet no such confirming information has ever been released to the public to support Defendants' claims of evidence, to the best of Plaintiff's knowledge.

86.     As such, Plaintiff alleges that Defendants have engaged in false commercial advertising of their product and services through the use of fake testimonials to the detriment of Plaintiff.

87.     Plaintiff does not use false or fake testimonials.

88.     Defendants' alleged use of false or fake testimonials attributes character, integrity and promotion of its services without any factual basis.  This is a form of unfair competition that drives customers and prospective clients from Plaintiff and others, who do not use fake testimonials, to Defendants.

89.     On information and belief, Defendants began using false and fake testimonials by 2017, which was at the same time when Plaintiff started actively posting on his YouTube Channel, BestStockStrategy.  As such, Defendants' alleged fake testimonials had a detrimental impact on Plaintiff for the first year or two of him actively posting videos about his services, because he had to garner real clients, work with them, and have satisfied customers provide feedback honestly and truthfully—a process that takes time and effort.

90.     As such, Plaintiff alleges harm in the form of lost customer base as a result of this unfair practice in Defendants' advertising, to an extent that will become more quantifiable with discovery into Defendants' use of false or fake testimonials, and according to proof at trial.

## PRAYER FOR RELIEF
## AS TO ALL COUNTS

Plaintiff requests the following relief:

a)  Monetary damages to the extent permitted under law under the Lanham Act.

b)  Injunctive relief in the form of corrective advertising in which Defendants must communicate to all of their current, former, and potential clients that it has materially misrepresented various aspects of its business including 1) it has used fake or false testimonials in the past that violate FTC regulations, 2) it has misrepresented itself as a "university" and as a serious place for education and learning, contrary to the law and facts, and 3) it has misrepresented its investment performance in the past by deleting trades, and offer a true and transparent depiction of Defendants' actual trading/investment performance in its place.

c)  A preliminary and permanent injunction immediately suspending all of Option Alpha's services pending its ability to show compliance with a court order mandating the corrective actions described in (b) above, and full refunds to all customers who express that they have been negatively affected by Option Alpha's deceptive business practices;

d)  An award of attorney's fees and costs; and

e)   Such other and further relief as the Court deems just and proper.

Dated:  June 4, 2021                                    Respectfully Submitted,


                                                       /s/ Agnes Mombrun Geter
                                                       Agnes Mombrun Geter, Esq.
                                                       Florida Bar No. 77001
                                                       agnes@mombrunlaw.com
                                                       **Mombrun Law, PLLC**
                                                       2850 34th Street North, Suite 350
                                                       Saint Petersburg, Florida 33713
                                                       Tel.: (321) 216-2040